## AMENT *v.* HUMPHREY.

A. resided in school district No. 1, and had his store in district No. 2, held that his personal property in No. 2 was not liable for his school tax in No. 1.

The thirteenth section of the Revenue Law of 1844, is not repealed by the Revenue Law of 1847.

A subsequent law upon the same subject matter does not necessarily repeal the antecedent law; unless the former is expressly repealed or superceded, both should be enforced as far as possible without conflict.

3g 255
85  42
3g 255
d90  440
3g 255
f112  96

Ament *v.* Humphrey.

ERROR *to District Court of Muscatine County.*

*Opinion by* KINNEY, J. This was an action of replevin brought by Ament against Humphrey, before a justice of the peace. Judgment for the plaintiff. Defendant appealed, and in the district court the following facts were agreed upon by the parties as presenting the question which they desired to have settled :

" The town of Bloomington was originally divided into two school districts, being divided by Sycamore street, that part of the town lying easterly of that street being district No. 1, and that part lying westerly of said street being district No. 2, and both said districts now remaining as districts No. 1 and 2, in Bloomington township, in Muscatine county. The town of Bloomington has since been named Muscatine. Both districts are taken as legally organized ; both districts in the year 1850, legally levied a school house tax. The plaintiff, Ament, is a resident in district No. 1, and is a married man, and a householder and freeholder in said district. He owns no real estate in district No. 2, but in that district carries on the business of a tin and sheet iron worker, and has in that business a considerable stock in trade.

The defendant, Humphrey, is the secretary of school district No. 1, and as such, under the tax list of said district legally made, took the property in question, for the payment of the said tax, against said Ament, which had been refused. It is agreed that this tax list, as taken from the assessment roll of the county, embraces the aforesaid stock in trade of Ament, used in district No 2 ; also, that said Ament is taxed for the same property in district No. 2, as taken from the county assessment roll.

" The assessment roll and tax list of the county, and the tax lists of the above two districts, as produced by the

parties on trial, are agreed upon as evidence.   The ordinary map or plat of the town of Bloomington or Muscatine is sufficient evidence for the purpose of this trial."

The case was submitted to the court on this agreed state of facts, whereupon, the court found the right of possession in and to the property replevied, in said Ansel Humphreys, and rendered judgment for nominal damages against the said Ament.   Ament brings the case to this court on writ of error, and assigns for error the decision of the court. The facts, as agreed upon in the court below, by consent, are treated as a part of the record in this court.

The facts presented by the record are simply these: Ament resided in school district No. 1; he carried on the tin and sheet iron business in school district No. 2.   Humphreys, as the secretary of school district No. 1, took the property in question for the payment of school house tax for that district, which was levied on the personal property of Ament in school district No. 2.   Ament replevied the property, and the court decided the right of possession to be in Humphreys, thereby deciding that the personal property in District No. 2 was liable to be taxed for school house purposes in district No. 1; that being the district in which Ament resided.   In this we think the court erred.   Believing as we do, that the statute settles this question, we deem it unnecessary to go into an extended examination of the common law doctrine, that personal property has no locality, and follows the person.   As a general rule, this is true, and without statute it would be subject to, and be governed by, the law of the domicil.   Police and municipal regulations, however, would form an exception even to this rule.

In February, 1844, the legislature passed an act entitled " An act to provide for assessing and collecting Public Revenue."   § 12 provides that, all personal estate within this territory, subject to taxation, shall, except in the cases enumerated in the following section, be assessed to the owner

in the township or precinct where he shall be an inhabitant
on the first day of May.

§ 13. The excepted cases mentioned in the preceding
section are: 1st. All goods, wares and merchandize, or any
other stock in trade, in townships or precincts within this
territory, other than where the owner resides, shall be taxed
in those townships and precincts, if the owner hire or
occupy stores or shops therein, and shall not be taxable
where the owner resides, &c. As an organization of a
school district under the school law, is a complete legal sub-
division of territory into a precinct, it follows that if the
above statute remains unrepealed, the stock in trade of
Ament was only taxable in district No. 2, where it was
found at the time of the levy. This position, we think, was
not seriously controverted in the argument by counsel for
the defendant in error, but it was contended with much
apparent confidence that the statute was repealed by the
subsequent act of 1847, and hence the common law that
the personal property follows the person, must govern. The
act relied upon by the counsel for the defendant in error,
as having repealed the act of 1844, is " An act to provide
for levying and collecting revenue for state and county pur-
poses."

This act, although a general one for the purposes expressed
in the title, and providing in detail for the collection of the
public revenue, is entirely silent in relation to the matter
contained in the 13th § of the act of 1844. There is no
provision as to whether the property embraced in that sec-
tion shall be taxed where the owner resides, or where it is
situated and used. Neither is there any section of the
statute of 1847 which would indicate that the legislature
intended to supersede the provisions contained in the 13th
section. If that section is repealed at all, it must be by vir-
tue of the repealing clause in the statute of 1847. A law
is not necessarily repealed because the subject matter is
covered by a subsequent statute, unless there is an express

repealing clause referring to the antecedent law, or unless there is a manifest inconsistency in the provisions of the two. The rule is well settled, that if both can remain without conflict, both should be enforced.

In Tennessee it has been decided: Where, in a subsequent statute, there is no express repeal of a former one, the former statute will not be considered as repealed by implication unless the repugnancy between the new provision and the former one is plain and unavoidable. *Planter's Bank* v. *The State*, 6 Smedes and Marsh. 268.

As there is nothing in the provisions of the last statute that will favor the repeal of the section referred to, if repealed at all, as we have said it must be by the repealing clause, which reads, that " all acts and parts of acts conflicting with the provisions of this act, are hereby repealed." Perhaps the best way to ascertain whether section thirteen conflicts with the provisions of the act of 1847, is to insert it as a distinct section, and see if there is the least repugnance. To do this it will be necessary also to insert the antecedent section 12, which refers to the property excepted in section 13. Those sections could appropriately be placed after section 9, in the act of 1847, without producing the slightest conflict, or in the least impairing the force of the preceding and succeeding sections.

If the legislature intended by the law of 1847, to repeal all of the provisions contained in the act of 1844, they undoubtedly would have adopted the usual repealing section in such cases, and referred to the act by its title and repealed it. But by adopting a contrary repealing clause, and repealing only such parts of prior acts as were in conflict, we must presume that they intended to save some of the provisions of the act of 1844. This was the only law in force at that time on the subject, and the one which, no doubt, the repealing clause was intended to reach. It is not then repealed by any thing contained in the body of the act. The affirmative enactment of the section not being

covered by the last law, a repeal cannot be inferred, and the section harmonizing entirely with the provisions of the last law, it is not repealed by the repealing clause, and it being an affirmative section, it cannot be repealed by implication. In the case of *Haynes* v. *Jenks*, 2 Pick. 172, the court say, " acts in *pari materia* are to be taken together as one law, and are to be so construed that any provision in them may, if possible, stand. Courts should therefore, be scrupulous how they give sanction to supposed repeals by implication."

And in the case of *Looker* v. *Brookline*, 10 ib. 343, the court say: " This latter statute does not contain any express repeal of the former one. And although we cannot comprehend the purpose for which the proviso was introduced, nor fully understand its import, *yet we cannot think it was the intention of the legislature to abolish by implication an important provision of the former statute upon the same subject.*"

If the court, in this case, would not declare a proviso repealed which they could not understand by a subsequent statute on the same subject, how much more ought we to hesitate before declaring a section repealed which is plain and obvious and easily understood, and the utility of which is perfectly apparent. There is a manifest propriety in taxing such personal property as is mentioned in the statute in the township or precinct where it is situated. It is there where the tradesman obtains his profits, enjoys all the benefits resulting from his trade, and there receives that protection in the enjoyment and use of his property which is secured to him by the municipal or township organization. There is a manifest propriety then in taxing such personal property in the township or precinct where such benefit and protection are obtained. Hence, the legislature provided in section 13 of the statute of 1844, for the assessment and collection of tax on such property where located.

In the language of the court in the case of *Looker* v. *Brookline*, we may say that " we cannot think it was the intention of the legislature to *abolish by implication an important provision of the former statute on the same subject.*"

There cannot be any doubt, the 13th § being still in force, that the property of Ament could only be taxed in district No. 2. It was embraced in that school district precinct. A precinct is defined to be a territorial district or division; the property therein coming within that territorial district or division, formed by the proper authorities, and the statute requiring that all goods, wares and merchandize, or any other stock in trade, other than where the owners reside, shall be taxed in those townships or precincts if the owners hire or occupy stores or shops therein, and shall not be taxable where the owners reside; and this section remaining, as we think, unrepealed, the court erred in deciding in effect that this property was taxable in district No. 1.

Judgment reversed.

*H. O'Conner*, for plaintiff in error.

*Wm. G. Woodward*, for defendant.